**William Eugene BROOKS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36636.**

Court of Criminal Appeals of Texas.

March 11, 1964.

Rehearing Denied April 29, 1964.

John W. O'Dowd, Houston (on appeal only), for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Daniel P. Ryan, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is felony theft; the punishment, enhanced by two prior convictions for felonies less than capital, life.

Reversal is sought upon this contention: "The trial court reversibly erred by permitting the prosecution to introduce into evidence a certain alleged judgment and sentence of an alleged prior conviction of this appellant in that such sentence is incomplete and therefore void for the purpose of enhancement of punishment."

Such being the sole ground relied upon for reversal, a short summary of the evidence will suffice.

The state's evidence shows that on the early morning of January 17, 1962, the appellant carried an RCA Victor Television set belonging to the Las Vegas Motor Hotel, in Houston, out of Room 606 of said hotel. The appellant put the television set in the trunk of an automobile and got in the back seat, and the car was driven away.

The television set was recovered by the police and returned to C. E. Howard, Jr., Manager of the hotel, who identified it as belonging to the hotel. He testified that it was of the value of more than $50 and had been taken without his permission.

The defense offered a witness whose testimony was to the effect that the value of a television set such as that taken from the hotel was under $50.

The issue was submitted to the jury and resolved against the appellant.

Records of the Texas Department of Corrections, including the judgments and sentences, properly certified, were introduced and the appellant was identified by fingerprint comparison as the defendant previously convicted as alleged in the indictment.

The sentence which is attacked as incomplete and therefore void was in Cause No. 4574–IH in Criminal District Court in Dallas County.

The judgment in said cause, on a plea of guilty, adjudged William Eugene Brooks guilty of the offense of "Theft of Corporeal Personal Property of the value of $50 or over" and fixed his punishment at 3 years. The quoted words were apparently inserted by the use of a rubber stamp.

The sentence reads, in part: "It is the order of the court, That the said Defendant, who has been adjudged to be guilty of ——————— and whose punishment has been assessed by the Court at confinement in the penitentiary for 3 years, be delivered * * *."

While the space in which the offense is ordinarily stated is blank, the words above quoted from the judgment were stamped in the sentence but not at the proper place.

 We overrule the contention that the sentence, otherwise regular in form, is void.

Art. 767 Vernon's Ann.C.C.P. provides: "A 'sentence' is the order of the court, made in the presence of the defendant, and entered of record, pronouncing the judgment, and ordering the same to be carried into execution in the manner prescribed by law."

There is no fixed or inflexible form to be used for the sentence. The one mandatory provision is that which is found in Art. 767 Vernon's Ann.C.C.P. Garbs v. State, 155 Tex.Cr.R. 290, 234 S.W.2d 869. Hill v. State, 149 Tex.Cr.App. 324, 194 S.W.2d 266, would appear to be in point here. In that case the sentence in a prior conviction stated the year as "19435." We said that from the record it was apparent that the date was a typographical error, furthermore the question was one which could not be considered.

The evidence is sufficient to sustain the conviction and we find no error.

The judgment is affirmed.